# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

THOMAS KRANS,

                Plaintiff,

      v.                                         Case No.  07-C-803

TOWN OF AURORA, et al.,

                Defendants.

**ORDER**

Plaintiff filed a lawsuit against the Town of Aurora, Wisconsin, and a number of individuals. According to the amended complaint, the plaintiff owned a ten-acre parcel of land in the Town of Aurora that he wished to develop. His development plan called for filling his property with foundry sand and blacktopping part of it. In October 2003, the town's zoning board gave its approval. Defendants Newingham and Hedmark opposed the plaintiff's plan, however, and were elected to the town's three-member board in 2005. Both of them made disparaging remarks about the plaintiff and claimed his plan would be dangerous to public health. In addition, defendant Wicklund –not a member of the town board – is alleged to have spread libelous materials about the plaintiff's development plan. In August 2006, the town board voted 2-1 in favor of a resolution prohibiting the plaintiff from filling his property with foundry sand. This, plaintiff alleges, was arbitrary and irrational, in violation of the Fourteenth Amendment, as well as an impairment of a contract he had with a company he had engaged to do the work on his property.

At present is not the merits of the dispute but the motions of two insurance companies that seek declarations that the policies they issued to defendants Wicklund and Hedmark do not cover the allegations made in the amended complaint. Defendant Maple Valley Insurance Co. issued a farmowners' insurance policy to defendant Hedmark, and it filed a motion for summary judgment on March 6, 2008. No response from the plaintiff or defendant Hedmark has been received. Defendant Liberty Mutual Insurance Co. filed a similar motion for summary judgment on April 10, 2008, arguing that the homeowners policy it provided to defendant Wicklund does not cover the allegations found in the amended complaint. No party has responded to that motion.

Both unopposed motions note that the insurance policies in question provide standard coverage for an "occurrence," which the policies have defined as an "accident." The complaint's allegations cannot reasonably be interpreted to allege that either of the defendants' conduct was accidental. Instead, defendant Wicklund is alleged to have defamed the plaintiff by spreading lies about his development plan, and Wicklund's acts are alleged to be "wanton" – so much so that they warrant punitive damages. *Baumann v. Elliott,* 2005 WI App 186, 286 Wis.2d 667, 680, 704 N.W.2d 361, 367 (Wis. Ct. App. 2005) (finding no "occurrence" when defamation was alleged to be willful and malicious). Hedmark's act on the town board – voting for the resolution – can hardly be said to be anything but deliberate. The complaint further alleges that he "knew" that a contract existed between plaintiff and Residual Management, LLC, and impaired that contract by enacting the town resolution in question. Hedmark, in sum, is alleged to have used his official position on the town board to deprive the plaintiff of his civil rights, and such actions are deliberate, not accidental.

The motion to bifurcate and stay is **DENIED** as moot. Both motions for summary judgment are **GRANTED**. Neither Liberty Mutual Insurance Co. nor Maple Valley Mutual Insurance Co. has

a duty to defend or indemnify any of the defendants in this action, and accordingly any claims against these insurers are **DISMISSED**.

      **SO ORDERED** this __12th__ day of May, 2008.

s/ William C. Griesbach_____
William C. Griesbach
United States District Judge